IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

Vs.

REINALDO ENRIQUE RIVERA,
Defendant-Petitioner.

_____/

CASE NO. 1:91-CR-595-GHW

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2020
```

**MEMORANDUM ENDORSED**

## MOTION REQUESTING EARLY TERMINATION OF SUPERVISED RELEASE TERM WITH MEMORANDUM OF LAW INCORPORATED

**TO THE HONORABLE COURT;**

**COMES NOW** Reinaldo Enrique Rivera, the defendant-petitioner, pro-se, and respectfully moves this Honorable Court, pursuant to 118 U.S.C. Sec. 3583(e)(1), to terminate the term of supervised release imposed in the above captioned criminal case, and discharge the defendant. In support thereof, Defendant states as follows:

1. In 1993, Mr. Rivera was sentenced to a lifetime term of imprisonment, following his conviction for a series of narcotics-related offenses and a single firearms charge. However, on March 3, 2017, the sentence was reduced to 360-months of imprisonment pursuant to 18 U.S.C. Sec. 3582(c)(2) and U.S.S.G. Amendment 782. The remaining elements of the original judgment of conviction were not altered. As a result, Mr. Rivera remains subject to a 10-years term of supervised release following his release from prison. On January 9, 2018, Mr. Rivera commenced his supervised release term which is scheduled to expire on or about January 2028.

2. Mr. Rivera respectfully submits that since his release in January 2017, his overall adjustment to supervised release reintegration to the community has been successful. He is now 73-years old and has made significant changes to maintain a law-abiding lifestyle, and maintaining compliance with court's conditions. Mr. Rivera has refrained from use of controlled substance and alcohol as evidenced by all the urine samples taken by the United States Probation Office.

3. In addition, the police record reveal that no new criminal charges or even a traffic infraction has been committed by Mr. Rivera. He has recognized that he made serious mistakes in life and has modified his way of thinking, so that his behaviors consist of lawful self-management. Mr. Rivera has a stable relationship with his long term legal wife [Ms. Janet Rivera] and they live together in their residence located at 1602 Murdock Blvd., Orlando, Fl 32825. He also has a good relationship with his neighbors and has engaged in appropriate prosocial activities and has sufficient prosocial support to remain lawful beyond the period of supervision.

4. Therefore, Mr. Rivera respectfully submits that he is an example of individuals who merit early termination of supervision as per the Judicial Conference Committee on Criminal Law and this Honorable Court's policy as he meets the criteria. Mr. Rivera has consulted with his Probation Officer [Ms. Nikisha Branham] and she has no objections and agreed with Mr. Rivera that the term of supervised release should be terminated. Mr. Rivera is seeking early termination of his supervised release so he may travel to visit his family and seek employment in different parts of the United States.

5. Title 18 U.S.C. Sec. 3583(e)(1) provides for early termination of a supervised release term. Said subsection allows the court to terminate a term of supervised release and discharge the defendant at any time after the expiration of one (1) year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and the "interest of justice." The "interest of justice" language allows the court broad discretion to consider a range of factors in addition to the defendant's conduct.

6. Here, Mr. Rivera has successfully completed two (2) years and eight (8) months of the imposed supervised release term. Under Section 3583(e)(1), the Court may terminate supervised release after one year even if the defendant has not completed a longer mandatory minimum supervised release required by the statute. See, e.g., United States v. Spinelli, 41 F 3d 1056, 1059-60 (6th Cir. 1994).

**WHEREFORE**, based on the fact Mr. Rivera has had a positive adjustment in the community, has demonstrated the ability to lawfully sel-manage beyond the period of supervision, has not incur in any type of non-compliances behavior, and meets with the early termination criteria set forth in the Judicial Conference Committee on Criminal Law and statutory provisions, Defendant Rivera respectfully asks the Honorable Court for early termination of his supervised release term.

Respectfully submitted,

9-28-2020
Date

Reinaldo Enrique Rivera, pro-se
1602 Murdock Blvd.
Orlando, Fl 32825

## CERTIFICATE OF PRO-SE COUNSEL

**I, REINALDO ENRIQUE RIVERA,** hereby certify under penalty of perjury that all the foregoing statements made by me are true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. Sec. 1746.

Respectfully submitted,

9-28-2020
Date

*Reinaldo Enrique Rivera* (signature)
Reinaldo Enrique Rivera, pro-se
1602 Murdock Blvd.
Orlando, Fl 3282

## CERTIFICATE OF SERVICE

**I REINALDO ENRIQUE RIVERA,** hereby certify that a true and correct copy of this motion has been mailed via certified mail to the following parties:

    a. UNITED STATES ATTORNEY'S OFFICE
       SOUTHERN DISTRICT OF NEW YORK

    B. UNITED STATES PROBATION'S OFFICE
       MIDDLE DISTRICT OF FLORIDA
       ORLANDO DIVISION
       **ATTN; MS. NIKISHA BRANHAM (USPO)**

Respectfully submitted,

9-28-2020
Date

*Reinaldo Enrique Rivera* (signature)
Reinaldo Enrique Rivera, pro-se
1602 Murdock Blvd.
Orlando, Fl 32825

Application denied. This application does not provide sufficient justification for the early termination of defendant's supervised release. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 247.

SO ORDERED.

Dated: October 7, 2020

_____
GREGORY H. WOODS
United States District Judge





Reinaldo Rivera
1602 Fair Oaks Blvd
Orlando, FL 32825

United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Att Hon Gregory H. Woods
– Clerk of the Court –