```
                                                         USDC SDNY
                                                         DOCUMENT
                                                         ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                             DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                            DATE FILED: 6/19/2024
------------------------------------------------------------X
                                                :
    UNITED STATES OF AMERICA,                   :
                                                :
                 -v-                            :       1:91-cr-595-GHW
                                                :
    REINALDO ENRIQUE RIVERA,                    :            ORDER
                                                :
                              Defendant.        :
------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

The April 17, 2024 application for early termination of Reinaldo Enrique Rivera's supervised release is denied. Dkt. No. 251 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Rivera's Application should be denied. Mr. Rivera asserts that he is entitled to supervised release because he has complied with its requirements successfully for six years. He asserts that has "demonstrated compliance with court conditions, refraining from substance abuse." Application at 3. Mr. Rivera notes his age and the fact that he is "beset by serious medical conditions . . . ." *Id.* Mr. Rivera seeks termly termination to "facilitate travel to visit family members and explore better living opportunities and medical treatment," but he does not describe with particularly how his supervised release has substantially impaired his ability to do so, nor why any such goals cannot be accomplished within the confines of the conditions of his supervised release. *Id.* at 4.

As before, the Court believes that Mr. Rivera's successful compliance with the conditions of his supervised release is worthy of praise. But, at the same time, this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. Mr. Rivera points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that might warrant early termination. The Court notes that when it reduced Mr. Rivera's sentence from life to 360 months in 2017, it expected that Mr. Rivera would "be subject to a 10 year term of supervised release following his release from prison." Dkt. No. 245. Mr. Rivera's continued participation in supervised release remains appropriate.

2

Having duly considered all of the applicable factors, the Court concludes that Mr. Rivera's supervised release should not be terminated early at this time.

The Court again encourages Mr. Rivera to discuss any possible requests to travel, or potentially to relocate permanently, with his probation officer. The probation officer may be able to provide guidance regarding any such requests and how they might be implemented within the structure of Mr. Rivera's supervised release or through a modification of its terms. Mr. Rivera may also wish to ask his probation officer regarding whether his term of supervised release should be supervised by the Middle District of Florida, where, the Court understands, he currently resides and is supervised, rather than by the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 251 and to mail a copy of this order to Mr. Rivera.

SO ORDERED.

Dated: June 19, 2024
New York, New York

GREGORY H. WOODS
United States District Judge